IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTHA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19-cv-563-SMD |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

In March 2017, Plaintiff Martha Taylor ("Plaintiff") filed for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Tr. 80, 160-61. She alleged disability beginning February 28, 2017. Tr. 80, 160-61. Plaintiff's application was denied at the initial administrative level, after which she requested and received a hearing before an Administrative Law Judge ("ALJ"). Tr. 46-78, 97-101. Following that hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. Tr. 1-26, 156-59. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff now appeals that decision under 42 U.S.C. § 405(g).[1] Upon review of the record and the parties' briefs, the Court AFFIRMS the Commissioner's decision.

---

[1] Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *Pl.'s Consent to Jurisdiction* (Doc. 9); *Def.'s Consent to Jurisdiction* (Doc. 8).

I.    **STATUTORY FRAMEWORK**

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). The Act specifies that an ALJ must evaluate "an application for a period of disability or disability insurance benefits (or both)" pursuant to a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). The RFC is what the claimant is still able to do, despite the claimant's impairments, based on all relevant medical and other evidence. *Id*. The RFC may contain

---

[2] *McDaniel* is a supplemental security income ("SSI") case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines[3] or (2) the testimony of a vocational expert ("VE")[4]. *Id.* at 1239-40.

## II.    STANDARD OF REVIEW

Review of the Commissioner's decision is limited. A federal district court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991). A court reviews the Commissioner's decision "with deference to

---

[3] Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience to determine whether there is work in the economy that the claimant can perform. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

the factual findings and close scrutiny of the legal conclusions." *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

In reviewing factual findings, a reviewing court applies the substantial evidence standard. *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir. 1995). However, a reviewing court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius,* 936 F. 2d at 1145 (11th Cir. 1991).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was sixty-years old at the time of the ALJ's decision. Tr. 7, 160. She has a college education and past work experience as an audit clerk, appointment clerk, and examination clerk. Tr. 71-72, 173, 195-202. Plaintiff alleged disability due to neuropathy, rheumatoid arthritis, high blood pressure, sleep apnea, diabetes mellitus, hypothyroidism, acid reflux, obesity, acute renal deficiency, and vitamin D deficiency. Tr. 81-82.

In the administrative proceedings before the Commissioner, the ALJ made the following findings with respect to the five-step evaluation process for disability determination. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of February 28, 2017. Tr. 12. At step two, the

ALJ found that Plaintiff suffers from the following severe impairments: "diabetes mellitus, diabetic neuropathy, inflammatory arthritis, osteoarthritis and obesity . . . ." Tr. 12. She found Plaintiff to have non-severe impairments of hypertension, hypothyroidism, sleep apnea, gastroesophageal reflux disease, vitamin D deficiency, acute renal injury/acute kidney disease, and depressive disorder. Tr. 12. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." Tr. 14.

    The ALJ then determined Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except allows for frequent balancing and stooping; occasional crouching; never climbing ladders, ropes, scaffolds, ramps or stairs; kneeling, or crawling; frequent reaching in all directions, except occasional reaching overhead; frequent fingering, feeling, handling, and grasping; no pushing and/or pulling with the upper or lower extremities; must avoid frequent exposure to extreme cold, heat, wetness and humidity; avoidance of frequent exposure to vibration; avoidance of all exposure to hazards, such as dangerous machinery and unprotected heights; no driving of a commercial vehicle; and would miss one to two days of work per [week].

Tr. 16. At step four, the ALJ utilized the testimony of a VE and determined that Plaintiff is "capable of performing past relevant work as a revenue examiner III, audit clerk; revenue examiner I, appointment clerk; and revenue examiner II, data examination clerk." Tr. 21. Therefore, because the ALJ determined that Plaintiff could perform past relevant work, the ALJ found that Plaintiff "has not been under a disability . . . from February 28, 2017, through the date of [this] decision . . . ." Tr. 22.

## IV. DISCUSSION

Plaintiff argues that the ALJ's finding that she could return to her past relevant work is not supported by substantial evidence. *Pl.'s Brief* (Doc. 11) p. 1. Plaintiff's sole contention is that the ALJ improperly discredited her subjective complaints of pain and other limitations. *Id.* at 3-4. Plaintiff asks the Court to accept her symptom allegations as true and to remand the case to the Commissioner for an award of benefits. *Id.* at 5. For the reasons explained below, Plaintiff's argument fails.

### A. Applicable Law

A claimant can establish disability through personal testimony about pain or other symptoms. *Marksuke v. Comm'r of Soc. Sec.,* 572 F. App'x 762, 766 (11th Cir. 2014). To establish disability based upon pain testimony, a claimant must show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir. 2002). A claimant's testimony coupled with evidence that meets this standard "is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citations omitted).

In evaluating the intensity and persistence of a claimant's subjective symptoms, the ALJ may consider a variety of factors, including: objective medial evidence, treatment history, response to medication and other treatments, sources of pain relief, and the claimant's daily activities. *See* 20 C.F.R. §§ 404.1529(c)(1)-(4). If an ALJ rejects a

claimant's testimony regarding her symptoms, the ALJ "must articulate explicit and adequate reasons for doing so." *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir. 2002). In other words, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, at *9.

### B. Plaintiff's Testimony

Here, Plaintiff testified at the hearing before the ALJ that she developed neuropathy after she was diagnosed with diabetes. Tr. 58. Plaintiff alleged that the neuropathy, combined with her arthritis, "made it unbearable some mornings to get up and go to work." Tr. 16, 58. She noted that she took medication for her symptoms but indicated that she could not take the medication at work because it made her drowsy. Tr. 58-59. Further, Plaintiff claimed that she was late "about every other day" because "it was hard to get going" in the morning. Tr. 60. Plaintiff testified that, even if allowed extra breaks during her workday, she was absent from work approximately one day per week. Tr. 60.

Regarding her physical limitations, Plaintiff testified that she could stand in place for one minute, sit for thirty minutes, and lift ten pounds. Tr. 62-63. In her function report, Plaintiff stated that she required rest between performing household chores, that she had difficulty sleeping due to pain, and that she had limitations in sitting, standing, walking, and lifting. Tr. 186-194. She reported that, while she prepares supper most days, her husband prepares breakfast because of her morning mobility issues. Tr. 188.

### C. The ALJ Provided Adequate Reasons to Partially Reject Plaintiff's Pain Testimony

The ALJ accurately summarized Plaintiff's reports of her subjective symptoms and resulting limitations. Tr. 16-17. The ALJ then concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms but that her statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. In reaching this conclusion, the ALJ noted the following inconsistencies between Plaintiff's testimony concerning her symptoms and her medical history, including her response to treatment:

> The medical evidence as a whole does not support the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms. Particularly, diagnostic studies to the claimant's knees and right hand confirmed osteoarthritis and a SLAC deformity, respectively. (Exs. 10F/33 and 17F/2). The record indicates that the claimant's diabetes was well controlled with an HgA1c of 5.0 and she was able to titrate off insulin. (Exs. 8F/53, 55 and 79, 13F/24-25 and 15F/13-14). Additionally, the claimant's rheumatoid arthritis responded well to infusion therapy, because in November 2017, she expressed she felt it helped and an examination revealed she was not in any acute distress. (Ex. 10F/14). In May 2018, during a Remicade infusion therapy session, the claimant denied muscle aches, weakness, back pain, and difficulty walking. (Ex. 14F/6). Finally, in June 2018, while the claimant reported left wrist pain, an examination revealed limited findings the claimant had synovitis and tenderness to multiple join[t]s. (Ex. 14F/8 and 10). Hence, after carefully assessing the claimant's subjective complaints as well as reviewing her medical records, the undersigned finds her allegations are not consistent with the evidence.

Tr. 21.

Plaintiff's claim that the ALJ did not provide adequate reasons for rejecting her pain testimony is without merit. The ALJ expressly discounted Plaintiff's symptom testimony

based upon the fact that her diabetes was "well controlled" and that her rheumatoid arthritis had "responded well to infusion therapy." She noted that Plaintiff "denied muscle aches, weakness, back pain and difficulty walking" after she received therapy. She further observed that, despite Plaintiff's reports of wrist pain, a subsequent examination "revealed limited findings." The ALJ's reliance upon the objective medical evidence and Plaintiff's response to treatment are adequate reasons to partially reject Plaintiff's subjective complaints. *See Markuske,* 572 F. App'x at 767.

## V.     CONCLUSION

For the reasons given above, the undersigned finds that the ALJ provided adequate reasons for partially rejecting Plaintiff's pain testimony. Therefore, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

DONE this 17th day of June, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE